# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Karl Cayton
County Attorney
Dawson County
Lamesa, Texas

Dear Sir:

Opinion No. O-2206
Re: Whether or not advertising
scheme of merchants and news-
paper is a lottery.

This will acknowledge receipt of your letter of
April 24, 1940, requesting the opinion of this department
as to whether or not the advertising scheme or plan de-
scribed in your letter constitutes a lottery such as is
made unlawful by Article 654 of the Penal Code; and, if it
does, whether or not it may be enjoined at the instance of
the State. The plan is described in your letter as follows:

"A newspaper in our town is publishing
a weekly paper and in conjunction with it are
publishing another weekly paper on a different
day, which paper is not sent through the mails.
The second paper is distributed freely to the
local citizens. This paper is numbered with
different numbers on each copy of the paper.
Several of the local merchants are offering
prizes to the man or woman who brings the proper
number into their store. The correct number for
the different store prizes is determined by the
following. The merchants will number different
articles of merchandise and place the same on
display and if the visitor comes in the store
within the time limits of that particular day
with a corresponding number on the newspaper,
he will be given the prize. In addition the
newspaper and the merchants are offering a cash
prize for certain numbers. The consideration
for the newspaper is the increase of advertising
in the merchants who participate in the so-called

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

'Treasure Hunt.' For the merchants, it would be
the increase in the number of visitors per day.
Of course the visitor must find his particular
number among the merchandise and call attention
to the fact to the merchant."

Section 47 of Article III of the Constitution of
Texas reads:

"The Legislature shall pass laws prohib-
iting the establishment of lotteries and gift
enterprises in this State, as well as the sale
of tickets in lotteries, gift enterprises or
other evasions involving the lottery principle,
established or existing, in other states."

Pursuant to such command, the Legislature passed
Article 654 of the Penal Code, which reads as follows:

"If any person shall establish a lottery
or dispose of any estate, real or personal, by
lottery, he shall be fined not less than One
Hundred ($100) Dollars nor more than One Thous-
and ($1,000) Dollars; or if any person shall sell,
offer for sale or keep for sale any tickets or
part tickets in any lottery, he shall be fined
not less than Ten ($10) Dollars nor more than
Fifty ($50) Dollars."

In Cole vs. State, (Ct. of Cr. App. 1937) 112 S. W.
(2d) 725, the concurring opinion of Judge Hawkins states that,

"There is not now, nor ever has been, an
attempt in this state to define by statute what
constitutes a lottery. The term is defined by
the statutes of only a few of the states. Corpus
Juris, vol. 38, p. 288, note 10, lists only four,
but says 'that such definitions seldom vary in
substance from those established by the courts.'
Having no definition in our statute, we must re-
sort to the meaning given the term by popular
usage as determined by the various courts. When
that is done, it is clear that three things must
concur to establish a thing as a lottery: (a) A
prize or prizes; (2) the award or distribution
of the prize or prizes by chance; (c) the payment
either directly or indirectly by the participants

of a consideration for the right or privilege of
participating. Texas Jur., vol. 28, p. 409, ¶ 2,
deduces from our own cases the rule stated, and
it appears that in every case from our own court
where a scheme has been denounced as a lottery
that the three elements mentioned are shown by
the facts to have been present. See Randle v.
State, 42 Tex. 580; Grant v. State, 54 Tex. Cr.
R. 403, 112 S. W. 1068, 21 L. R. A., N. S., 876,
130 Am. St. Rep. 897, 16 Ann. Cas. 844; Prander-
gast v. State, 41 Tex. Cr. R. 358, 57 S. W. 850;
Holoman v. State, 2 Tex. App. 610, 28 Am. Rep.
439, and other Texas cases cited in Texas Jur.,
supra. The same rule demanding the presence of
the three elements named will be found stated
in 17 Ruling Case Law, p. 1222, and 38 Corpus
Juris, p. 286, with innumerable supporting cases
cited under the text in each of said volumes."

From your letter, we gather it is conceded that at
least two of the elements essential for the existence of a
lottery are present—a prize or prizes are offered by the
newspaper in conjunction with the local merchants participat-
ing in the plan, and the distribution of the prizes is by
chance to persons fortunate enough to receive a copy of the
newspaper with "a lucky number" appearing thereon. The ans-
wer to your first question then depends upon whether or not
the element of consideration is present. We hold that it is.

Our Texas Court of Criminal Appeals had before it
a problem very similar to the instant one in the case of Smith
vs. State (Ct. of Cr. App. 1939), 127 S. W. (2d) 297. In that
case, defendant received a fee from retail merchants for the
privilege of joining a "Noah's Ark" organization. The mer-
chants in turn distributed cards of stamps to the public, up-
on the completion of which cards a person was entitled to par-
ticipate in a chance to receive a substantial prize. The
court held that payment of these license fees to defendant by
the merchants operated as an indirect consideration for all
contestants. Let us simulate the license fee paid by the
merchants to the operator of this scheme to the increased ad-
vertising resulting to the newspaper from participating local
merchants in your situation. Here is consideration moving
indirectly from the recipient to the donor of the prize. But
that is not all. The court in the Smith case found an addi-
tional element of consideration. It said:

"It is quite clear to us from the record

that each business establishment which contributed a certain amount of money in order to join this 'Noah's Ark' and by whom the prize is paid, receives a card or cards and stamps symbolic of some animal. These cards are furnished to the merchant or business establishment, and by them distributed to customers or others who come to the establishment with wrappers, cartons, or containers of commodities which are sold by any member of the 'Noah's Ark.' It is obvious that the dealer, merchant or business establishment not contributing to the prize, did not receive any card or stamp for distribution. Consequently, parties desiring to secure a chance at the prize would necessarily have to go to such merchant or business establishment as had contributed to the general fund. As a result, the good will and patronage of the person favored with the cards is secured. This patronage, whatever it may be, is given in exchange for cards and stamps, which is an indirect benefit to the operator of the scheme, and enables him to continue his game of chance. It is a bait handed out to the gullible as an inducement to become customers of the dealers or merchants subscribing to the plan." (Underscoring ours.)

So also in the case at hand. Contestant, in order to determine whether or not his free paper contains one of the lucky numbers, is induced to visit and inspect the participating dealers' merchandise. An increased patronage is the expected concomitant of his visit. And this increased patronage together with the advertisement of his wares resulting to the merchant "is an indirect benefit to the operator of the scheme, and enables him to continue his game of chance."

We have held that the scheme set forth in your letter constitutes a lottery such as is condemned by Article 654 of the Penal Code of this state. We now pass to your second question of whether or not the equitable remedy of injunction is available to the State. This identical question was before the court in State vs. Robb & Rowley United (C. C. A. 1938), 118 S. W. (2d) 917, and Robb & Rowley United, Inc., et al. vs. State (C. C. A. 1939), 127 S. W. (2d) 221. In both of these

Hon. Karl Cayton, Page 5

cases it was held that lotteries are a species of gaming and nuisance which the State is authorized to suppress by injunction under Article 4667, Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Walter R. Koch
Assistant

By     *James D. Smullen*

James D. Smullen

JDS/oe

APPROVEDMAY 3, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN